UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAONE REALTY ASSOCIATES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD INSURANCE COMPANY OF THE MIDWEST, INC., and JOHN DOE 1-10 said names being fictitious,<br><br>Defendant. | Civil Action No.:<br><br>**NOTICE OF REMOVAL**<br><br>**(Diversity Jurisdiction)** |

**TO: THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant, Hartford Insurance Company of the Midwest, Inc. ("Hartford Midwest"), through its undersigned counsel, hereby removes to this Court the instant action from the Law Division of the Superior Court of New Jersey, Union County (the "State Court Action"), and, in support of the removal, states as follows:

**THE STATE COURT ACTION**

1.  The State Court Action was commenced by plaintiff, Paone Realty Associates, LLC ("Paone Realty") with the filing of a Complaint on October 18, 2017, in the Law Division of the Superior Court of New Jersey, Union County, bearing Docket No. UNN-L-3718-17. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings and orders served upon Hartford Midwest in the State Court Action are attached hereto as Exhibit "A".

2.  Paone Realty seeks monetary damages for Hartford Midwest's alleged breach of contract in connection with the payment of a commercial property claim pursuant to a policy of insurance issued to Paone Realty by Hartford Midwest.

3.  A copy of the Complaint was served upon Hartford Midwest by its statutory agent

on November 22, 2017. Hartford Midwest has not yet filed a response to the pleadings. This Notice of Removal is, therefore, being timely filed pursuant to 28 U.S.C. § 1446(b).

## JURISDICTION

### I. Diversity of Citizenship

4. Pursuant to the Complaint, Paone Realty is a New Jersey limited liability company with its principal place of business in Berkeley Heights, New Jersey.

5. Hartford Midwest is incorporated under the laws of the State of Indiana with its principal place of business in Hartford, Connecticut.

6. Based upon the above information, Paone Realty is a citizen of the State of New Jersey and Hartford Midwest is a citizen of the States of Connecticut and Indiana for purposes of evaluating diversity jurisdiction. Accordingly, complete diversity of citizenship exists.

### II. Amount in Controversy

7. The policy of insurance at issue is subject to a $2,357,500 limit of insurance for building replacement cost coverage at 308-312 Springfield Ave., Berkeley Heights, New Jersey.

8. In its complaint, Paone Realty states that the subject property was extensively damaged by fire and that Hartford Midwest has made a total of $1,248,975.82 in actual cost value payments to cover building replacement costs. *See* the Complaint, ¶¶ 6, 8. However, Paone Realty states that invoices it submitted to Hartford Midwest exceed the actual cost value payments by more than $388,000. *See id.*, ¶ 10. Paone Realty, therefore, seeks judgment for the alleged outstanding value of its claim, plus attorney fees and costs, interest, and such other relief as the Court may deem just and equitable. *See id.*, Count One Prayer for Relief.

9. Thus, the amount in controversy in this case is well in excess of the $75,000 jurisdictional threshold set forth in 28 U.S.C. § 1332(a).

10. In sum, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists as between Paone Realty and Hartford Midwest and the amount in controversy exceeds $75,000.

11. The United States District Court for the District of New Jersey embraces actions pending in the Law Division of the Superior Court of New Jersey, Union County. The State Court Action is pending in the Law Division of the Superior Court of New Jersey, Union County. Accordingly, this Court is the proper federal venue for this action.

12. Hartford Midwest is the sole defendant in this action.

13. No previous application has been made for the relief requested herein.

14. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Paone Realty and a copy is being filed with the Clerk of the Superior Court of New Jersey, Union County.

**WHEREFORE**, defendant, Hartford Insurance Company of the Midwest, Inc., respectfully removes this action from the Superior Court of New Jersey, Union County.

> Respectfully submitted,
>
> MOUND COTTON WOLLAN
> & GREENGRASS LLP
>
> /s/ William D. Wilson
> William D. Wilson, Esq. (WW6482)
> wwilson@moundcotton.com
> 30A Vreeland Road, Suite 210
> Florham Park, NJ 07932
> Tel. (973) 494-0600
> Fax (973) 242-4244
> *Attorneys for Defendant*
> *Hartford Ins. Co. of the Midwest, Inc.*

Dated: December 19, 2017

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAONE REALTY ASSOCIATES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD INSURANCE COMPANY OF THE MIDWEST, INC., and JOHN DOE 1-10 said names being fictitious,<br><br>Defendant. | Civil Action No.:<br><br>**CERTIFICATE OF SERVICE** |

I, William D. Wilson, hereby certify that on this 19th day of December, 2017, I caused Hartford Insurance Company of the Midwest, Inc.'s Notice of Removal to be served via CM/ECF upon all counsel of record and by Federal Express to the Law Offices of David C. Bendush, attorneys for plaintiff Paone Realty Associates, LLC, and electronically filed with the Clerk of the Superior Court of New Jersey, Union County.

                MOUND COTTON WOLLAN
                & GREENGRASS LLP

                /s/ William D. Wilson
                William D. Wilson, Esq. (WW6482)
                wwilson@moundcotton.com
                30A Vreeland Road, Suite 210
                Florham Park, NJ 07932
                Tel. (973) 494-0600
                Fax (973) 242-4244
                *Attorneys for Defendant*
                *Hartford Ins. Co. of the Midwest, Inc.*

Dated: December 19, 2017

# EXHIBIT A

DAVID C. BENDUSH, ESQ. - 005881987
LAW OFFICES OF DAVID C. BENDUSH
310 Springfield Avenue, Suite 10
Berkeley Heights, NJ 07922
TEL: (908) 771-0550
Fax: (908) 771-0715
E-mail: dcbendush@msn.com
Attorney for Plaintiffs, Paone Realty Associates, LLC

| Plaintiff(s): | SUPERIOR COURT OF NEW JERSEY |
|---|---|
| PAONE REALTY ASSOCIATES, LLC | LAW DIVISION: UNION COUNTY |
| -vs- | DOCKET NO. |
| Defendant(s): | |
| HARTFORD INSURANCE COMPANY OF THE MIDWEST, INC., and JOHN DOE 1-10 said names being fictitious, | Civil Action<br><br>COMPLAINT and JURY DEMAND |

Plaintiff, Paone Realty Associates, LLC, by way of complaint against defendant, The Hartford, claims as follows:

## THE PARITES

1. Plaintiff, Paone Realty Associates, LLC ("Paone Realty") is a limited liability company licensed by the State of New Jersey, with principal place of business located at 308-312 Springfield Avenue, Berkeley Heights New Jersey 07922.

2. Defendant, Hartford Insurance Company of the Midwest, Inc., ("Hartford"), is an insurance company doing business in the State of New Jersey, and has a mailing address of P.O. Box 14721, Lexington, Kentucky 40512-4271.

3. Defendants John Doe 1-5 are fictitious Defendants whose identities are yet unknown, said names being fictitious.

1

## FACTUAL BACKGROUND

4. Defendant, Hartford, issued a property damage insurance policy to plaintiff, providing liability and Causality coverage for plaintiff's business premises located at 308- 312 Springfield Avenue, Berkeley Heights New Jersey ("the property" or "the subject property"), a commercial building owned by the plaintiff, which housed several commercial tenants.

5. The insurance policy issued by Hartford to plaintiff provided replacement cost coverage in the event of a loss, including loss by fire.

6. On or about April 7, 2014, the subject property was extensively damaged by fire. The property damage insurance policy issued by defendant to plaintiff was in effect at the time of the loss. Plaintiff gave prompt notice of the fire to Hartford, as required by the policy.

7. Defendant Hartford employed the services of structural engineer Charles Timbie to draw reconstruction plans for the fire-damaged property, and employed building cost-consultant Lee Davis to generate an estimate and budget based on the reconstruction plans.

8. On or about June 12, 2014, an offer of settlement was extended by Hartford to Paone Realty based on the cost-calculations of cost-consultant Davis. Over a period of months, Hartford made a total of $1,248,975.82 in actual cost value ("ACV") payments to Paone Realty to cover building replacement costs.

9. In the reconstruction of the subject property, plaintiff was compelled to comply with newly enacted municipal building code ordinances, which, among other things, called for installation of an elevator and compliance with the municipality's "beautification" program. ***Said compliance was not taken into consideration by Hartford, nor by the structural engineer or the cost-consultant employed by Hartford.***

2

10. Paone Realty submitted to Hartford invoices and costs totaling $1,248,975.82. Invoices submitted by Paone Realty exceeded payments made by Hartford by more than $388,000.00.

11. Paone Realty made requests for payment of additional costs it incurred in restoring the subject, covered property, however, Hartford declined to make payment, and in fact, made no reply at all to plaintiff's requests for a period of years, neither denying nor making payment on plaintiff's claim.

12. On or about August 16, 2017, plaintiff's counsel wrote to Hartford, seeking expert reports prepared at Hartford's request, and asking whether Hartford intended to issue a letter of denial of plaintiff's claim, some three and one-half years after the claim originated.

13. On or about August 24, 2017, Hartford sent a letter to plaintiff's counsel, the undersigned, providing expert reports and finally denying plaintiff's request for coverage.

## COUNT ONE
## BREACH OF CONTRACT

14. Plaintiff re-alleges and incorporates paragraphs 1 -13 as if set forth at length herein.

15. Plaintiff Paone Realty made a meritorious property claim for coverage of losses resulting from fire damage, and despite plaintiff's reasonable claim for coverage, defendant Hartford unreasonably delayed in investigating a claim by its policyholder, and in bad faith, withheld, and continues to withhold, benefits due plaintiff for reasons that are not valid, causing plaintiff to sustain economic losses and other hardships despite claims for coverage by plaintiff that are clearly within the contemplation of the insurance policy issued by Hartford to plaintiff.

3

WHEREFORE, plaintiff Paone Realty demands judgment against defendant, Hartford Insurance Company of the Midwest, Inc., for economic losses, consequential damages, actual damages, attorney fees and costs, interest, and such other relief as the Court may deem just and equitable.

### COUNT TWO
### BAD FAITH / BREACH OF CONTRACT GOOD FAITH

16. Plaintiff re-alleges and incorporates paragraphs 1 – 15 as if set forth at length herein.

17. Every contract carries with it a covenant of good faith and fair dealing in regard to performance by parties to the contract. Plaintiff Paone Realty made meritorious claims for coverage under a contract of insurance, claims clearly contemplated by the insurance policy, however, in reckless disregard of its duty of good faith and fair dealing owed by defendant to plaintiff, defendant ignored plaintiff's claim for payment under the policy, failing even to issue a denial of plaintiff's claim and failing to offer an explanation for not covering plaintiff's losses. As a result of Hartford's lack of good faith and fair dealing, plaintiff Paone Realty has suffered damages.

WHEREFORE, plaintiff Paone Realty demands judgment against defendant, Hartford Insurance Company of the Midwest, Inc., for economic losses, consequential damages, actual damages, attorney fees and costs, interest, and such other relief as the Court may deem just and equitable.

### COUNT THREE
### DECLARATORY JUDGMENT ACTION

18. Plaintiff re-alleges and incorporates paragraphs 1 – 17 as if set forth at length herein.

4

19. Plaintiff is entitled to a judgment declaring the rights and obligations of each party to the insurance contract provided by default. Hartford as allowed by NJSA 2 A: 16-50 et. Seq.

**WHEREFORE**, plaintiff Paone Realty seeks declaration and judgment that the acts and damages complained of herein and covered by the policy, and a judgment against defendant, Hartford Insurance Company of the Midwest, Inc., for economic losses, consequential damages, actual damages, attorney fees and costs, interest, and such other relief as the Court may deem just and equitable.

### COUNT FOUR
### JOHN DOES 1-10

1. Plaintiff re-alleges and incorporates paragraphs 1 – 19 as if set forth at length herein.
2. Defendants John Does 1-5 are fictitious Defendants whose identities are yet unknown, and whose negligence, or breach of duty, either, separately or when combined with the negligence of the Defendants Hartford, caused damages and loss to Paone Realty.

**WHEREFORE**, plaintiff Paone Realty demands judgment against defendant, Hartford Insurance Company of the Midwest, Inc., and John Doe 1-5, individually, jointly, for economic losses, consequential damages, actual damages, attorney fees and costs, interest, and such other relief as the Court.

### JURY DEMAND

Plaintiff respectfully request a trial by jury as to all issues presented in this matter.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Plaintiff hereby designate David C. Bendush, Esquire as trial counsel in this matter.

Dated: October 16, 2017

LAW OFFICE OF DAVID C. BENDUSH
Attorneys for Plaintiff, Paone Realty Associates, LLC

BY: _____
DAVID C. BENDUSH, ESQ.

### CERTIFICATION PURSUANT TO R.4:5-1

David C. Bendush, does hereby certify as follows:

1. I am an Attorney-at-Law of the State of New Jersey, and I am fully familiar with the above captioned matter.

2. To the best of my knowledge, information and belief, the matter in controversy is not the subject of any other action pending in any court or in arbitration proceeding and to the best of my knowledge and information is not the subject of any controversy, action or arbitration proceeding.

I certify that the foregoing statements made by me are true to the best of my knowledge. I am aware if any of the foregoing statements made by me are willfully false, I am subject to punishment.

LAW OFFICE OF DAVID C. BENDUSH
Attorneys for Plaintiff, Paone Realty Associates, LLC

Dated: October 16, 2017

BY: _____
DAVID C. BENDUSH, ESQ.

6

# Civil Case Information Statement

**Case Details: UNION | Civil Part Docket# L-003718-17**

**Case Caption:** PAONE REALTY ASSOCIATES, LLC VS HARTFORD INS CO
**Case Initiation Date:** 10/18/2017
**Attorney Name:** DAVID CECIL BENDUSH
**Firm Name:** DAVID C BENDUSH
**Address:** 310 SPRINGFIELD AVE SUITE 10 BERKELEY HEIGHTS NJ 07922
**Phone:**
**Name of Party:** PLAINTIFF : PAONE REALTY ASSOCIATES, LLC
**Name of Defendant's Primary Insurance Company (If known):** Hartford Insurance Company of the Midwest, Inc

**Case Type:** OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Hurricane Sandy related?** NO
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/18/2017                                                                                    /s/ DAVID CECIL BENDUSH
Dated                                                                                                                    Signed